```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RICCI DEAN MAYO,

                  Plaintiff,

vs.                                          Case No. 2:03-cv-223-FtM-29DNF

JERRY REGIER, Secretary for D.C.F.,
KATHLEEN A. KEARNEY, Former
Secretary for D.C.F., DEPARTMENT OF
CHILDREN AND FAMILIES, DR. ROBERT
BRIODY, Executive Director, LISA
CONWAY, Health Administrator, DR.
MACHADO, Medical Doctor, MS. WISE,
Medical Nurse, NURSE THOMPSON,
Medical Nurse, MS. RANGER, Medical
Nurse, FLORIDA CIVIL COMMITMENT
CENTER, Medical Department, LIBERTY
BEHAVIORAL HEALTHCARE CORP.,

                  Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss (Doc. #26) filed on behalf of Defendants, The Florida Department of Children and Families ("DCF"), Kathleen Kearney, the current Secretary of DCF, and Gregory Venz, the former Secretary of DCF ("Defendants' Motion"). Plaintiff has filed a Response in Opposition to Defendants' Motion (Doc. #29).

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir.

2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for §1983 cases, especially those involving qualified immunity. Cottone v. Jenne, 326 F.3d 1352, 1362 n.7 (11th Cir. 2003), citing GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

## II.

The Amended Complaint (Doc. #6) sets forth the following facts, which at this stage of the proceedings are assumed to be true. Plaintiff is a civil detainee awaiting a civil commitment trial pursuant to Fla. Stat. §394.910 ("Jimmy Ryce Trial") and is

confined at the Florida Civil Commitment Center ("FCCC"), which is operated by Liberty Behavioral Healthcare, Inc., a private corporation, pursuant to a contract with the Florida Department of Children and Families ("DCF"). In addition to DCF, Kathleen Kearney and Gregory Venz, Plaintiff names the following as Defendants in his Amended Complaint: (1) Dr. Robert Briody, Executive Director of the FCCC (2) Lisa Conway, Health Administrator of the FCCC; (3) Dr. Machado, Medical Doctor at the FCCC; (4) Ms. Wise, Medical Nurse at the FCCC; (5) Nurse Thompson, Medical Nurse at the FCCC; (6) Ms. Ranger, Medical Nurse at the FCCC; (7) Florida Civil Commitment Center, Medical Department; and (8) Liberty Behavioral Healthcare Corporation. Plaintiff alleges that he has been denied adequate medical care by the above-enumerated employees of the FCCC medical department in connection with various medical conditions Plaintiff allegedly suffers from, including, a life threatening liver condition, sleep apnea, and diabetes. Additionally, Plaintiff claims that his wheelchair was improperly destroyed by FCCC staff. With respect to Defendants Venz and Kearney, Plaintiff claims that these Defendants "have failed to come out to the Florida Civil Commitment Center and monitor the enforcement of their contract. They have failed to make sure the medical department is providing adequate medical care and funding to the Plaintiff's medical treatment and care." Amended Complaint, page 10, ¶22. Plaintiff seeks various types of monetary damages, as well a unspecified injunctive relief from

"each Defendant in their personal or individual capacities." Id. Page 11, ¶4.

Plaintiff brings his claim pursuant to Title 42 U.S.C. § 1983 which imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

### III.

Defendants, in their Motion to Dismiss, contend that: (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Defendants' liability is predicated upon respondeat superior; (2) Defendants are entitled to Eleventh Amendment Immunity; and (3) Plaintiff's claims are based on state law and fail to state a federal cause of action. For the reasons set forth below, the Court agrees.

At the outset, the Court recognizes that the Eleventh Amendment precludes certain suits by citizens against their own States in federal court. Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 67 (1996); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued. Miller v. King, 384 F.3d 1248, 1268 (11th Cir. 2004); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45 (1979); Cross v. State of Ala., 49 F.3d 1490, 1502 (11th Cir. 1995). Additionally, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983. Gamble v. Florida Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990).

Eleventh Amendment immunity extends only to state agencies and officials, not to independent entities such as counties or municipalities. Miccosukee Tribe, 226 F.3d at 1231. A "state" for Eleventh Amendment purposes includes state agents and state instrumentalities, Vierling v. Celebrity Cruises, Inc., 339 F.3d 1309, 1314 (11th Cir. 2003); Shands Teaching Hosp. and Clinics,

-5-

Inc. v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000), and state officials sued in their official capacities. McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997). The Eleventh Amendment protects an entity which was acting as an "arm of the state" even if not labeled a "state officer" or "state official." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)(en banc). The Eleventh Amendment does not, however, preclude suits in federal courts against state officials in their individual capacities. Jackson v. Georgia Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, to the extent that Plaintiff's Complaint is brought against Defendants Reiger and Venz solely in their individual capacities the Eleventh Amendment is inapplicable.

DCF ,however, is the re-designation of the Florida Department of Health and Rehabilitative Services, and is an agency of the State of Florida. Doe, 1-13 Ex Rel., Doe Sr. 1-13 v. Bush, 261 F.3d 1037, 1042 n. 2 (11th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002). The Eleventh Circuit has held that the Florida Department of Health and Rehabilitative Services is immune under the Eleventh Amendment from a damage suit in federal court. Gamble v. Florida Dep't of Health and Rehabilitative Services., 779 F.2d at 1513. Accordingly, the Motion to Dismiss will be granted as to the DCF because the suit is barred by the Eleventh Amendment.

The Court recognizes that a *pro se* complainant is disadvantaged in ascertaining the proper legal entity against whom

to bring his claim. See Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000). Plaintiff's Complaint, however, contains no allegations that Defendants Reiger and Venz personally participated in any alleged constitutional violation concerning Plaintiff's medical care. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.) cert. denied 500 U.S. 933 (1990). Rather, Plaintiff's claims stem from Defendants' failure to "monitor" DCF's contract with Liberty Behavioral Healthcare. Amended Complaint, page 10, ¶22. In essence, Plaintiff claims that Defendants Reiger and Venz have a contractual duty to supervise the employees at the FCCC, in particular the medical department at the FCCC. Assuming arguendo that Defendant Reiger and Venz have such a contractual duty, Section 1983 claims predicated on *respondeat superior* theories have been uniformly rejected. Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189 (1994). Plaintiff's Complaint also does not contain any allegations of a policy, custom or practice on the part of the Defendants that was the "moving force" behind any of the FCCC Defendants' alleged misconduct. Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997), see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant V. Florida, 111 F.Supp.2d 1326 (S.D.Fla. 2000). Consequently, the Court finds Plaintiff's Complaint fails to state a constitutional claim against Defendants Kearney and Venz.

Finally, it is clear, that §1983 provides a vehicle to vindicate federal rights only, not alleged violations of state tort or contract law. Therefore, Plaintiff's reliance on alleged violations of Florida tort or contract law are insufficient to state a claim under § 1983.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss Complaint filed on behalf of Defendants The Florida Department of Children and Families, Kathleen Kearney and Gregory Venz (Doc. #26) is **GRANTED**, and the Complaint is dismissed without prejudice as to these Defendants.

2. The **Clerk of Court** shall correct the caption of this action to reflect the dismissal of Defendants, Florida Department of Children and Families, Kathleen Kearney and Gregory Venz.

**DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of August, 2005.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record