```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RICCI DEAN MAYO,

                Plaintiff,

vs.                              Case No.  2:03-cv-223-FtM-29DNF

DR. ROBERT BRIODY, Executive Director, LISA CONWAY, Health Administrator, DR. MACHADO, Medical Doctor, MS. WISE, Medical Nurse, NURSE THOMPSON, Medical Nurse, MS. RANGER, Medical Nurse, FLORIDA CIVIL COMMITMENT CENTER MEDICAL DEPARTMENT, LIBERTY BEHAVIORAL HEALTHCARE CORP.,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon: (1) Defendant Caskey and Liberty Behavioral Health Corporation, Inc.'s Motion to Quash Service of Process and Dismiss Plaintiff's Amended Complaint ("Defendant Liberty's Motion," Doc. #45) filed June 21, 2005; and (2) Defendant Ranger's Motion to Dismiss Plaintiff' Complaint, or in the alternative Motion for Summary Judgment ("Defendant Rangers' Motion," Doc. #46) filed July 6, 2005. Because defendant Rangers's motion refers to matters outside the four corners of Plaintiff's Complaint, it will be converted into a motion for summary judgment. Somerville v. Hall, 2 F. 3d 1563, 1564 (11th Cir. 1993). Plaintiff was advised how to respond to a dispositive motion (Doc. #13) and filed a Response in Opposition to Defendant Liberty's Motion (Doc. #48) on July 25, 2005, and a Response in Opposition to Defendant

Rangers' Motions (Doc. #49) on August 18, 2005. This matter is now ripe for review.

**I.**

Plaintiff, who is civilly detained at the Florida Civil Commitment Center ("FCCC") awaiting his commitment trial pursuant to Fla. Stat. § 394.910 ("Jimmy Ryce Trial"), initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 on May 9, 2003. The FCCC is operated by Liberty Behavioral Healthcare, Inc., a private corporation, pursuant to a contract with the Florida Department of Children and Families. Plaintiff subsequently filed an Amended Complaint (Doc. #6) on May 30, 2003, which terminated various defendants named in his original complaint. On August 30, 2005 and September 12, 2005, the Court dismissed without prejudice the following Defendants from this action: The Florida Department of Children and Families; Kathleen Kearney, former Secretary of the Department of Children and Families; Gregory Venz, Interim Director for the Department of Children and Families; and Jerry Reiger, former Secretary of the Department of Children and Families (Doc. #53, #54 and #55). The following individuals and entities remain as Defendants: (1) Dr. Robert Briody, Executive Director of the FCCC (2) Lisa Conway, Health Administrator of the FCCC; (3) Dr. Machado, Medical Doctor at the FCCC; (4) Ms. Wise, Medical Nurse at the FCCC; (5) Ms. Thompson, Medical Nurse at the FCCC; (6) Ms. Ranger, Medical Nurse at the FCCC; (7) Florida Civil Commitment Center, Medical

Department; and (8) Liberty Behavioral Healthcare Corporation.  As of the date of this Order, service of process has been attempted but not effectuated upon Defendants: Ms. Thompson (Doc. #32), Dr. Machado (Doc. #33), Ms. Conway (Doc. #34), Dr. Briody (Doc. #35), and Ms. Wise (Doc. #39) (hereinafter referred to collectively as the "Unserved Defendants").

Plaintiff alleges in his Amended Complaint that he has been denied adequate medical care by employees of the FCCC medical department in connection with various medical conditions Plaintiff allegedly suffers from, including a life threatening liver condition, sleep apnea, and diabetes.  Additionally, Plaintiff claims that his personal wheelchair was improperly destroyed by FCCC staff.  Plaintiff seeks various types of monetary damages, as well as unspecified injunctive relief from "each Defendant in their personal or individual capacities."  Id. Page 11, ¶4.

## II.

Plaintiff brings his claim pursuant to Title 42 U.S.C. § 1983, which imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

At the time Plaintiff filed his Amended Complaint he was detained at the FCCC pending his Jimmy Ryce Trial. Although not a prisoner, a person who is civilly committed is in a position analogous to a criminally confined prisoner. See Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001)("the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments"). Residents at the FCCC who are civilly committed are subject to internal regulations much like those established by the Florida Department of Corrections and are considered "totally confined." See Fla. Stat. § 394.912(11). The Court concludes that persons at the FCCC who are civilly committed must be afforded at least the same constitutional rights as that afforded to prisoners.

Plaintiff's rights as a detainee arise from the Fourteenth Amendment, although the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is applicable. Cook ex. rel Estate of Tessier v Sheriff of Monroe County Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). See also Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985)("In regard to

providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

In order to state a claim for a violation under the Eighth Amendment, a plaintiff must show that public officials acted with deliberate indifference to Plaintiff's serious medical needs. Estelle V. Gamble, 429 U.S. 97 (1976); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). Thus, a plaintiff first must show that he had an "objectively serious medical need" Id. (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); and, second that the official acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need. Farrow, Id. (Quoting Farmer v. Brennan, 511 U.S. 825 (1994). Deliberate indifference is a state of mind more egregious and culpable than mere negligence. Estelle, 429 U.S. at 104-106.  In fact, even gross negligence does not satisfy the "sufficiently culpable state of mind" standard. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).  Conduct which results from accidental inadequacy, or which arises from negligence in diagnosis or treatment, or even which is considered medical malpractice under state law, does not constitute deliberate indifference. Taylor v. Adams, 221 F.3d 1258. Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Faison

v. Rosado, 129 Fed.Appx.490, 491 (11th Cir. 2005) (quoting Harris v. Thigpen, 941 F.2d 1495, 1501 (11th Cir.1991)).

The course of treatment chosen by a medical official is "a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107. Thus, no constitutional violation exists where a plaintiff and a medical official merely disagree as to the proper course of medical treatment. Id. at 106. Classic examples of matters for medical judgment include whether an x-ray, or additional diagnostic technique or form of treatment are indicated. Id. at 107. A plaintiff who complains that delay in medical treatment rises to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994). Further, the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Id; Harris v. Coweta County, 21 F. 3d 388, 393-94 (11th Cir. 1994).

**III.**

In deciding a motion to dismiss, the Court must accept well pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Since Plaintiff is proceeding *pro se*, his pleadings are held to the less stringent standard normally afforded *pro se* pleadings. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993). The heightened pleading standard is not otherwise applicable.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N.Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be

believed and all reasonable inferences must be drawn in favor of the non-moving party. <u>Shotz v. City of Plantation, Fl.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

**IV.**

**A. <u>Defendant Caskey and Liberty Behavioral Health Corporation</u>**

Defendants Caskey and Liberty Behavioral file a limited appearance before the Court for purposes of challenging jurisdiction and service of process (Doc. #45). Additionally Defendants Caskey and Liberty Behavioral, in the alternative, argue that Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief could be granted as to each of these Defendants.

Defendant Caskey seeks dismissal on the grounds that, although he was named as a Defendant in Plaintiff's original complaint (Doc. #1), he was not named as a Defendant in Plaintiff's Amended Complaint (Doc. #6). Since the Amended Complaint is the controlling pleading, Defendant Caskey is no longer a named defendant and has no further obligations with respect to this action.

Defendant Liberty Behavioral Health Corporation seeks dismissal on the basis that the Summons completed by Plaintiff incorrectly names "Liberty Healthcare Corporation" as the Defendant, not Liberty <u>Behavioral</u> Health Corporation. Stuart Segal, the Chief Strategy officer for Liberty Healthcare


Corporation, was served with the Summons. Admittedly, the Summons erroneously identified Liberty Healthcare Corporation, as opposed to Liberty <u>Behavioral</u> Healthcare Corporation as the Defendant. The Court, however, does not find this flaw fatal to service. Significantly, the Summons identified Herbert T. Caskey, as the individual to be served with process on behalf of the Defendant Liberty Healthcare Corporation. The Court takes judicial notice that in other actions, Mr. Caskey has been identified as the President of Liberty <u>Behavioral</u> Healthcare Corporation. <u>See Desparte v. Kathleen Kearney, et. al</u>, 2:02-cv-4 (Doc. #102). Moreover, the physical addresses for Liberty Behavioral Healthcare Corporation and Liberty Healthcare Corporation are identical. Liberty Behavioral Healthcare Corporation does not allege any prejudice by the defect in service. As such, the Court finds that Liberty Behavioral Healthcare Corporation was "served in a manner substantially complying with Fed.R.Civ.P. 4" and consequently this Court has personal jurisdiction over this Defendant. <u>Drill South, Inc. v. International Fidelity Ins. Co.</u>, 234 F.3d 1232 (11th Cir. 2000).

Nonetheless, Plaintiff's Amended Complaint will be dismissed without prejudice as to Defendant Liberty Behavioral Healthcare Corporation because it contains no allegations whatsoever against this Defendant. <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir.) <u>cert</u>. <u>denied</u> 500 U.S. 933 (1990). It appears that Plaintiff included this Defendant in this action due only to its corporate

status as the operator of the FCCC and employer of a number of the individually named defendants. Section 1983 claims predicated on the theory of *respondeat superior* have been uniformly rejected by the courts. Monell v. Dep't of Social Services, 436 U.S. 658, 690-692 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189 (1994). There are no allegations in Plaintiff's Amended Complaint that would support supervisory liability, and no allegations of "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation." Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003). Neither are there any allegations of a policy, custom or practice on the part of any of the Defendants named that was the "moving force" behind any alleged misconduct. Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997), see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant V. Florida,111 F.Supp.2d 1326 (S.D.Fla. 2000). Consequently, the Court finds Plaintiff's Amended Complaint fails to state a constitutional claim against Defendant Liberty Behavioral Healthcare Corporation.

**B.  Defendant Ranger**

Defendant Ranger is mentioned in the following two paragraphs of Plaintiffs' Amended Complaint:

>     Defendant Ranger is a Registered Nurse employed at
> the FCCC.  Amended Complaint, page 3, ¶12.

>       On April 23, 2003, at approximately 9:12 p.m., Plaintiff advised T.A. Morales that he was not feeling well and needed to have an accu-check[1] done. Mr. Morales contacted medical and was advised by Defendant Ranger that Mr. Morales was not permitted to come to medical since "Plaintiff did not show for his 4:00 check." Mr. Morales then contacted Mr. Landers who directed Ms. Ranger to take Plaintiff to medical. Plaintiff "shortly" thereafter was taken to medical where his accu-check was taken and indicated that Plaintiff required 40 units of insulin. Defendant Ranger "lectur[ed]" Plaintiff on "missing the 4:00 check." Plaintiff explained to Defendant Ranger that he was not called out for his 4:00 p.m. check or did not hear the call from medical. Defendant Ranger told Plaintiff that she will refuse to see Plaintiff again if he misses his 4:00 check because "the check will not be accurate." Plaintiff told Defendant Ranger that she was not a "caring nurse" to which Plaintiff replied "Go to hell!"

Amended Complaint, page 8-9, ¶19.

Plaintiff refers to Defendant Rangers' conduct as "inappropriate and unprofessional," and asserts that Defendant Ranger's actions and statements "put Plaintiff in fear of his safety." Amended Complaint, page 9, ¶19. Defendant Ranger points out in her Motion for Summary Judgment that Plaintiff does not allege any injury as a result of the alleged improper treatment by Plaintiff and alleges only that Defendant's treatment was "unprofessional and improper." Additionally, Defendant Ranger attaches to her Motion the following exhibits: (1) Plaintiff's medication administration record reflecting that Plaintiff received insulin on April 23, 2003 (Exhibit #1); (2) Plaintiff's daily accu-checks reflecting that Plaintiff missed his 4:00 check on April 23,

---

[1] A blood test used to measure blood sugars for diabetics.

-12-

2003 (Exhibit #2); and (3) Plaintiff's daily accu-checks for the months prior to April 23, 2003 as well as after April 23, 2003 reflecting that Plaintiff had regularly scheduled daily accu-checks at 4:00 p.m. and had in the past on other occasions either refused or missed these checks (Exhibit #3).

Assuming without deciding Plaintiff had a "serious medical condition," the Court finds that Plaintiff has not alleged, yet alone established, that Defendant Ranger was deliberately indifferent to Plaintiff.  In fact, by Plaintiff's own admissions he was administered an insulin shot "shortly" after he requested to go to medical.  Additionally,  it is clear from the exhibits attached to Defendant Ranger's Motion that Plaintiff was administered an insulin shot after he was seen in medical on the day of the incident. Exhibit #1 to Defendant Ranger's Motion. Consequently, the fact that Defendant Ranger initially refused to immediately see Plaintiff in medical is of no consequence, since Plaintiff neither alleges, nor has he come forward with any evidence to demonstrate that he suffered any detrimental effect due to Defendant Ranger's initial refusal to permit him to come to medical.  Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994).

Plaintiff's allegations that Defendant Ranger "lectured" Plaintiff or told Plaintiff to "go to hell" does not give rise to a constitutional violation.  Irrespective of whether such conduct is "unprofessional," the law is well settled that verbal harassment

-13-

and abuse, or threatening language and gestures, do not amount to a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983)[2]; see also Munera v. Metro West Detention Center, 351 F.Supp.2d 1353, 1362 (S.D. 2004). Here, the Court finds that undisputed facts demonstrate that Defendant Ranger did not violate the Plaintiff's constitutional rights and will grant Defendant's Motion for Summary Judgment.

**C.  FCCC Medical Department**

The Court recognizes that a *pro se* complainant is disadvantaged in ascertaining the proper legal entity against whom to bring his claim. See Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000). The Medical Department at the FCCC, however, is not a "person" within the meaning of § 1983. Although municipalities are considered persons under § 1983, "the term 'persons' do not encompass municipal departments." Vance v. County of Santa Clara, 928 F.Supp. 993 (N.D. Cal. 1996); see also Stanley v. Delaware County Prison, Medical Dep't, No. 91-1169, 1991 WL 29928, at *1 (E.D. Pa. Feb. 27, 1991) ("The Medical Department at Delaware County Prison is clearly not a person for purposes of 42 U.S.C. § 1983."). Consequently, Plaintiff's Amended Complaint must be dismissed as against Defendant FCCC Medical Department.

**D.  Unserved Defendants**

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

As noted *supra*, as of the date of this Order, service of process has not been effectuated upon Defendants Nurse Thompson, Machado, Conway, Briody, and Wise. While, an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, Fowler v. Jones, 899 F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility. Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987); See also 28 U.S.C. §1915(d). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system. To date the costs of service incurred in attempting to effectuate service upon the Unserved Defendants is $1099.19. See (Docs. #32, #33, #34, #35, and #39).

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint, and the plaintiff. This matter is clearly subject to dismissal pursuant to the 120-day provision of Rule 4(m).

Plaintiff's Amended Complaint was filed on May 30, 2003. The Court provided Plaintiff with the necessary service forms and instructions to complete service on all defendants (Doc. #7) on June 9, 2003. After Plaintiff failed to timely return the service forms, the Court ordered Plaintiff to advise the Court whether he intended

to prosecute this action (Doc. #9).  The Court then granted Plaintiff additional time to complete the service forms (Doc. #11) and ordered the U.S. Marshal to personally serve all Defendants at the address provided by Plaintiff (Doc. #13).  The Plaintiff was advised by the U.S. Marshal that return of service was unable to be executed on Defendants Nurse Thompson, Machado, Conway and Briody on April 28, 2005, and on Nurse Wise on May 12, 2005.  Plaintiff has made no further efforts to obtain service over the Unserved Defendants.  Even though a plaintiff is appearing *pro se,* "[a] plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" Salas v. Tillman, 2006 WL 122426 (11th Cir. 2006)(quoting Fowler v. Jones, 899 F.2d at 1095 (citing Rochon v. Dawson, 828 F.2d at 1110)).  Consequently, the Court will dismiss Plaintiff's Amended Complaint without prejudice against the Unserved Defendants pursuant to Fed.R.Civ.P. 4(m).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Defendant Caskey's Motion to Dismiss (Doc. #45) is **GRANTED** since he is not a named defendant in the Amended Complaint.

2.   Defendant Liberty Behavioral Healthcare Corporation's Motion to Quash Service of Process (Doc. #45) is **DENIED,** but its

Motion to Dismiss (Doc. #45) is **GRANTED**. Plaintiff' Amended Complaint is **DISMISSED** without prejudice to Defendant Liberty Behavioral Healthcare Corporation.

    2.   Defendant Ranger's Motion for Summary Judgment (Doc. #46) is **GRANTED** and judgment shall enter in defendant Ranger's favor.

    3.   Defendant FCCC Medical Department is **DISMISSED with prejudice**.

    4.   Defendants Nurse Thompson, Machado, Conway, Briody and Wise are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m).

    5.   The **Clerk of Court** shall:

(a)  enter judgment accordingly pursuant to this Opinion and Order, the Amended Opinion and Order (Doc. #54) filed August 30, 2005, and the Order (Doc. #55) filed September 12, 2005;

(b) terminate any pending motions; and

(c) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of March, 2006.

                                              JOHN E. STEELE
                                          United States District Judge

SA:   hmk
Copies: All Parties of Record